## Case No. 3,573.

### DARBY v. LUCAS.

[1 Dill. 164.][1]

### Circuit Court, D. Missouri. 1870.[2]

BANKRUPTCY—FRAUDULENT CONVEYANCES.

**1.** To avoid a deed made by the bankrupt to a purchaser for value, it must be satisfactorily established that the latter had reasonable cause to believe that the vendor, in making the sale, intended to contravene the bankrupt act.

[Cited in Borland v. Phillips, Case No. 1,661.]

**2.** What will avoid a conveyance under the second clause of the 35th section of the bankrupt act of 1867 [14 Stat. 534] considered.

**3.** A debtor who is known, or believed to be embarrassed, is not disabled from making a fair and honest sale of his property with a view to keep out of bankruptcy.

[Cited in Re Union Pacific R. Co., Case No. 14,376.]

[Appeal from the district court of the United States for the eastern district of Missouri.]

On the 24th day of April, 1869, John F. Darby, who was then, and for many years had been a private banker, made to defendant, Lucas, a deed for a certain building and grounds in St. Louis, situate at the corner of 5th and Olive streets. The consideration for the conveyance was $200,000, of which $150,000 were paid by Lucas assuming a mortgage of that amount, on the property, in favor of the American Life Insurance Company of Philadelphia, and the remaining $50,000 were paid to Darby in cash. This $50,000 was placed by Darby in his bank, and paid out by him in the course of his business, in a few days thereafter. Darby continued his business until July 1, 1869, when he filed his petition to be adjudicated a bankrupt, and the plaintiffs are his trustees, under the 43d section of the bankrupt act. The present bill is filed by these trustees against the defendant, and states in substance, that at the date of the deed above mentioned, Darby was insolvent, and acting in contemplation of insolvency, and that the defendant at the time of making the purchase had reasonable cause to believe that Darby was insolvent, and that the transfer was made with a view to defeat, &c., the bankrupt act, and that the property was, and is worth, the sum of $300,000. The prayer of the bill is, that the deed be de-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirming Case No. 3,572. Affirmed in Tiffany v. Lucas, 15 Wall. (82 U. S.) 410.]

clared void, and the title to be in the trustees' in bankruptcy. The answer admits the purchase, but claims that it was made in good faith, at the instance of Darby's agents, for $200,000, its full value, and without any knowledge, suspicion, or belief at the time, that Darby was insolvent, or was acting in contemplation of insolvency, and states certain facts intended to show the good faith of the defendant in the transaction. Testimony was taken upon both sides, and at the hearing, the bill was dismissed. In ordering the dismissal, the court (TREAT, District Judge) observed:

"Under the provisions of the bankrupt act, on a correct exposition of which the case depends, the ordinary dealings of men are not to be interrupted further than is necessary to secure equality among creditors, and honest and lawful dealing by and with debtors. A creditor who has reasonable cause to believe his debtor insolvent, and who receives payment of his debt, or security therefor, necessarily knows, or has reasonable cause to believe that he is thereby obtaining a preference which is forbidden by law. But persons other than creditors dealing with an insolvent, even if they have reasonable cause to believe him insolvent, are not on the same footing, inasmuch as their purchases do not necessarily enable the debtor to contravene the act or defeat any of its requirements. The purchase money may furnish the needed means of extricating the debtor from his embarrassments, especially if he be engaged in a pursuit whereby insolvency is not determinable by the ultimate outcome, but by his ability to meet his liabilities as they mature in the ordinary course of business. Mr. Darby was a banker, and therefore would have been insolvent whenever his banking liabilities were not promptly met. It seems that they had been met up to the date of this sale of real estate, though by extraordinary shifts in borrowing; and that some of his real estate paper had been past due for some time. But it also seems that he had resorted to street brokers for ten or more years, and that he has had a reputation for wealth, as owning large landed interests. Some of this paper passed through the hands of street brokers into the possession of the savings institution of which the defendant was a director, and the cashier of that institution was the agent of Mr. Darby in negotiating the sale. It seems that the inference is natural that the officers of the institution, though they may have thought him embarrassed, also deemed his paper good, or it would not have been bought. The sale of realty, was not out of the usual course of business within the meaning of the bankrupt act, and therefore, it is for the plaintiff to make out his case affirmatively. The fact that paper secured by a deed of trust is permitted to remain past due for a length of time, indicates either a virtual renewal of the loan, or consent given; and does not therefore necessarily

subject the debtor to the penalties of the act. Without, however, analyzing the testimony in detail, or passing formally upon each of the many incidental points of law presented, it must suffice that this court holds that to avoid the deed it must be satisfactorily proved that the defendant had reasonable cause to believe: First, that Mr. Darby was insolvent, or in contemplation of insolvency; and second, that by the transaction Mr. Darby intended to contravene the bankrupt act. Now, if for the sake of argument, it were admitted that defendant knew Darby to be technically insolvent, still the second element would have to be proved, without which the highly penal provisions of sections 35 and 39 are not applicable. As it is clear to the mind of the court that the proof falls far short of making out the second element named, it is unnecessary to inquire particularly into the first. The court holds that under the second clause of section 35, in a case like that under consideration, the reasonable cause to believe each of the two elementary facts must be satisfactorily proved in order to avoid the deed."

The complainants appeal.

Samuel Knox and Glover & Shepley, for complainants.

Thomas T. Gantt, for respondent.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. This is a bill by trustees in bankruptcy to avoid a deed of real estate, made by the bankrupt to the defendant. The bill is based upon the second clause of the 35th section of the bankrupt act, and charges that the sale was made in contravention thereof. Darby, the grantor, at the time the deed was executed, was a private banker, and continued in business for over two months afterwards. The defendant, the grantee, was not a creditor of Darby, and has paid the consideration for the purchase, by assuming a valid mortgage upon the property for $150,000, and by giving his check for $50,000, on which the money was received by Darby and used in his business. An agent of Darby offered the property for sale, and the same was purchased at the price of $200,000, which was the highest sum the defendant would give for it. The property was in the hands of another agent for sale at $250,000, but he had not found a purchaser at that sum. It is not claimed that there was any fraud in fact in the transaction, or that there was any collusion between the defendant and Darby to defraud the creditors; but it is maintained by the complainants that the defendant's purchase is prohibited by, and operates as a fraud upon, the bankrupt act.

It quite satisfactorily appears that at the time of the sale Mr. Darby did not contemplate insolvency or going into bankruptcy, but that his expectation was that he would

be able by the sale of this property and by the aid of the rents and income of other property, and by the sale thereof as advantageous opportunity offered, to keep on in business and pay all of his debts. But it is clear, also, that he was technically, if not really insolvent, at the time the deed was made, although he was generally believed to be possessed of considerable wealth and property.

By the bankrupt act a sale, or conveyance of property by a person who is insolvent to a person who has then reasonable cause to believe him to be insolvent, and to believe that such sale or conveyance is made with a view to prevent his property from coming to his assignee in bankruptcy, or to defeat the object, or to evade the act, is declared to be void; and it is provided in such case, that the assignee may recover the property or its value as assets of the bankrupt. (Section 35.)

The district court dismissed the bill on the ground that upon the proofs it did not appear that Lucas had reasonable cause to believe that Darby, in making the sale, intended to contravene the bankrupt act. Upon an attentive examination of the evidence it is our opinion that Mr. Lucas did not know or believe Darby to be insolvent, but on the contrary believed him to be a man of considerable estate over his liabilities, and it is quite clear, we think, that he acted in good faith and without any belief that a fraud upon the bankrupt act was intended. In point of fact, no fraud upon it was intended, either by Darby or Lucas.

But the real inquiry is not what Mr. Lucas's actual belief was; but whether he had good grounds or reasonable cause to believe, under all the circumstances, considering Mr. Darby's general reputation as a man of considerable wealth and property, his known integrity and energy, the nature of his business, the defendant's want of any intimate familiarity with the exact state of Mr. Darby's affairs, and his ignorance of any change in them, we cannot say that the defendant had reasonable cause to believe Mr. Darby's purpose in selling was to evade or defeat the bankrupt act, and on this ground we are content to affirm the decree below. It is due, however, to the counsel for the complainants, that we should notice briefly the view they urge in favor of a reversal of the decree. Darby being shown to have been insolvent when the deed to the defendant was made, they claim that there are but two questions left: 1. Had Mr. Lucas reasonable cause to believe he was insolvent. 2. Was the conveyance made with a view to defeat the bankrupt act?

Assuming it to be shown that Mr. Lucas had reasonable cause to believe Mr. Darby to be insolvent, they claim that the latter could not under any circumstances make a sale of property to the former; and that any sale of property, although for full value, and

although no actual fraud upon creditors was intended or effected, is necessarily void under the bankrupt law. The position assumed is thus stated in the printed argument submitted to the court:

"Whenever a merchant, trader, or banker is insolvent, that is, is unable to pay his debts in the usual course of business, and when the facts show that he is unable to pay his debts in full, the law requires him to file his petition to be adjudicated a bankrupt. It is his duty so to do, and all persons who have reasonable cause to believe the debtor to be insolvent, are under obligations to do nothing to prevent or induce him to refrain from filing his petition to be adjudicated a bankrupt, in order that his property may be equally divided amongst his creditors. If the debtor fail to discharge his duty as aforesaid, and if any person deal with the person as aforesaid, both are guilty of a fraud upon the bankrupt law, and are subject to its provisions and penalties."

We will not stop to discuss the correctness of these views as respects dealings between a bankrupt and his creditors. In the cause before us the purchase was made by one not a creditor, and it is maintained that such a purchase is constructively fraudulent if the purchaser had reasonable cause to believe that the vendor was insolvent; that is, unable to meet his debts in the usual course of business. In other words, it is claimed that a person who is insolvent owes a duty to his creditors to go at once into voluntary bankruptcy, and that this duty is of such a nature that he cannot lawfully make any sale of his property with a view to extricate himself from his embarrassment. That a person who is known or believed to be in embarrassed circumstances, may, in good faith, borrow money and give at the time a valid security for it upon his property, was held by this court in Darby v. Boatman's Sav. Inst. [Case No. 3,571], at the last term.

And for the same reasons such a person may in good faith make a sale of property for a consideration received at the time, although the purchaser may know or have cause to believe the vendor is insolvent. In such a case, all depends upon the good faith of parties. If the vendor's purpose in selling is to defraud his creditors, or if it is to work a fraud upon the law by illegal payments, preferences, or the like, and the purchaser knows, or has good grounds or reasonable cause to believe that such is the purpose of the vendor, then his purchase is void.

But it would never do to hold, because a man is unable to meet his debts as they mature, that he is disabled from making a fair and honest sale of his property with a view to keep out of bankruptcy. The notion is a mistaken one which supposes that the law makes it the duty of such a person not to sell, but at once to go to the

bankrupt court and ask to be adjudged a bankrupt. It is true that the law declares that such a person shall not make any preferences. It is also true that, ordinarily, creditors may force such a person into bankruptcy. But it is not true that he cannot by means of pledges or sales of his property fairly made, endeavor to keep along in business, and to avoid, if possible, going into bankruptcy. On this point we concur in the views expressed by the learned judge of the district court in dismissing the bill. If therefore it was an established fact that Lucas had reasonable cause to believe Darby was insolvent, our opinion would still be that the bill ought to be dismissed because the sale was fairly made by Darby from the conviction that it would enable him to keep along in business, and the property was purchased by Lucas with no good ground to believe that Darby intended to delay, defeat, or evade the bankrupt act, or that such would be the effect of the transaction. Affirmed.

[NOTE. Complainants took an appeal to the supreme court, which affirmed the decree. Tiffany v. Lucas, 15 Wall. (82 U. S.) 410. Mr. Justice Davis, delivering the opinion of the court, said: "The law does not recognize that every sale of property by an embarrassed person is necessarily in fraud of the bankrupt act. If it were so, no would know with whom he could safely deal, and, besides, a person in this condition would have no encouragement to make proper efforts to extricate himself from difficulty. It is for the interest of the community that every one should continue his business, and avoid, if possible, going into bankruptcy; and yet how could this result be obtained if the privilege were denied a person, who was unable to command ready money to meet his debts as they fell due, of making a fair disposition of his property in order to accomplish this object? It is true he may fail, notwithstanding all his efforts, in keeping out of bankruptcy, and in that case any sale he has made within six months of that event is subject to examination. If it shall turn out on that examination that it was made in good faith, for the honest purpose of discharging his indebtedness, and in the confident expectation that by so doing he could continue his business, it will be upheld. On the contrary, if he made it to evade the provisions of the bankrupt act, and to withdraw his property from its control, and his vendee either knew, or had reasonable cause to believe, that his intention was of this character, it will be avoided. Two things must concur to bring the sale within the prohibition of the law,—the fraudulent design of the bankrupt, and the knowledge of it on the part of the vendee, or reasonable cause to believe that it existed."]